IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Brianna C.,[1] | ) | Civil Action No.: 0:23-cv-720-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Martin O'Malley, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This action is brought pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Brianna C.'s ("Plaintiff") claim for disability insurance benefits. The record includes the report and recommendation ("Report") of United States Magistrate Judge Paige J. Gossett, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), D.S.C.

In her Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying benefits. Plaintiff filed written objections to the Report, and the Commissioner filed a reply to Plaintiff's objections. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court overrules Plaintiff's objections, adopts the Magistrate Judge's Report, and affirms the Commissioner's final decision denying benefits.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in Social Security cases, federal courts should refer to claimants by their first names and last initials.

## BACKGROUND

Plaintiff protectively filed an application for disability insurance benefits in May of 2019, alleging disability beginning February 1, 2019, due to Crohn's disease, pulmonary emboli, interstitial cystitis, chronic fatigue syndrome, depression, anxiety, sleep apnea, narcolepsy, kidney stones, migraine headaches, immunosuppression, arthritis, and spondylolisthesis. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ"),which was held in May of 2022. In a decision dated July 15, 2022, the ALJ found that Plaintiff was not under a disability as defined by the Social Security Act, as amended. The Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff filed the instant action seeking judicial review on February 23, 2023.

## STANDARDS OF REVIEW

### I.     The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

2

II.    **Judicial Review of a Final Decision**

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

I.    **The Commissioner's Final Decision**

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. §

423(d)(1)(A).  This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful
> employment.  20 C.F.R. § 404.1520(b).  If not, the analysis continues to
> determine whether, based upon the medical evidence, the claimant has a
> severe impairment.  20 C.F.R. § 404.1520(c)  If the claimed impairment is
> sufficiently severe, the third step considers whether the claimant has an
> impairment that equals or exceeds in severity one or more of the impairments
> listed in Appendix I of the regulations.  20 C.F.R. § 404.1520(d); 20 C.F.R.
> Part 404, subpart P, App. I.  If so, the claimant is disabled.  If not, the next
> inquiry considers if the impairment prevents the claimant from returning to
> past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) . If the answer
> is in the affirmative, the final consideration looks to whether the impairment
> precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed

to the next step.  *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993).  The burden of

production and proof remains with the claimant through the fourth step.  Then, if the

claimant successfully reaches step five, the burden shifts to the Commissioner to provide

evidence of a significant number of jobs in the national economy that the claimant could

perform, taking into account the claimant's medical condition, functional limitations,

education, age, and work experience.  *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful

activity during the relevant time period.  Next, the ALJ determined that Plaintiff has the

following severe combination of impairments: obesity, degenerative disc disease of the

lumbar spine, inflammatory bowel disease, depression, anxiety, and chronic fatigue

syndrome.  The ALJ found that Plaintiff does not have an impairment or combination of

impairments that meet or medically equal the severity of one of the listed impairments in

20 C.F.R. Part 404, Subpart P, Appendix 1.  With regard to Plaintiff's residual functional capacity ("RFC"), the ALJ found that Plaintiff can perform light work as defined in 20 C.F.R. 404.1567(b), except: she has been incapable of climbing ladders, ropes, or scaffolds, in addition to being limited to balancing, stooping, kneeling, crouching, and crawling occasionally; she must avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilated areas; she is limited to carrying out simple and detailed, but not complex instructions; she has been limited to interacting with the public, supervisors, and coworkers frequently; and in addition to regularly scheduled morning, lunch, and afternoon breaks, the claimant must be permitted two unscheduled breaks of five minutes each during an eight-hour workday.  The ALJ found that Plaintiff is unable to perform any past relevant work, but that considering Plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that Plaintiff can perform.  Accordingly, the ALJ found that Plaintiff has not been under a disability during the relevant time.

## II.    The Court's Review

In this action, Plaintiff raises the following issues:

Issue 1    Residual Functional Capacity.  The RFC assessment must be a reasoned assessment of all of the relevant evidence.  The ALJ failed to provide an adequate discussion of [Plaintiff's] impairments and limitations. . . .

Issue 2    Where new evidence is submitted to the Appeals Council that is sufficiently material that it might have affected the Commissioner's final decision, the *Myer* case requires that evidence be weighed.  Where there is new and material evidence submitted at the Appeals Council, and where that evidence might have affected the findings of the fact-finder, must the case be remanded so that Commissioner can weigh that evidence?

(ECF No. 12 at 2.)

5

In her Report, the Magistrate Judge thoroughly summarized the administrative proceedings and the applicable law and then considered each of Plaintiff's arguments in turn. First, the Magistrate Judge evaluated Plaintiff's assertion that the ALJ failed to provide an adequate discussion of her impairments and limitations when assessing Plaintiff's RFC, noting that the "crux of Plaintiff's first issue is that the ALJ erred in failing to adequately explain why he did not include additional limitations to account for Plaintiff's inflammatory bowel disease." (ECF No. 18 at 4.) The Magistrate Judge considered Plaintiff's argument that the medical evidence supports Plaintiff's testimony that additional limitations were required, but the Magistrate Judge determined that, "contrary to Plaintiff's arguments, it is clear that the ALJ carefully considered Plaintiff's limitations stemming from her Crohn's disease and built 'an accurate and logical bridge from the evidence to his conclusions.'" (*Id.* at 5 (citation omitted).) The Magistrate Judge noted the ALJ's citation to Plaintiff's medical records and explained in part:

> The ALJ found that the records were consistent with Plaintiff's testimony indicating that she did not use diapers or other protective devices. The ALJ further found that "[a]lthough treatment notes refer to variable severity of the claimant's Crohn's disease, as well as the need to change medications periodically, it does indicate that her symptoms have typically been controlled." (Tr. 30) (citing Tr. 1677-82, 1740-41). In explaining Plaintiff's residual functional capacity, the ALJ stated that "the effects of diarrhea or constipation, in conjunction with the claimant's Crohn's disease, are accommodated by the reduction in exposure to postural maneuvers, as well as the additional breaks." (Tr. 30.)

(*Id.*)

In her objections to the Magistrate Judge's Report, Plaintiff asserts that "the ALJ's RFC limitation was for 'two unscheduled breaks of five minutes each during an eight-hour workday' in addition to normal breaks," and Plaintiff asserts that "the ALJ's indication of

controlled symptoms and remission do not logically equal the need for 2 additional unscheduled breaks." (ECF No. 19 at 2.) According to Plaintiff, "the ALJ failed to offer any specific finding to show how he arrived at his RFC limitation of 2 additional breaks over no additional breaks or over 6 to 8 additional breaks." (*Id.*) In support of her objection, Plaintiff cites *Dowling v. Commissioner of Social Security Administration*, where the Fourth Circuit remanded the case to the Commissioner for various reasons including the ALJ's failure to analyze whether the claimant's RFC was impacted by her need to work near a restroom and take frequent bathroom breaks. 986 F.3d 377, 389 (4th Cir. 2021). Plaintiff also cites *Bennett v. Kijakazi*, where the court explained that it could not conduct a meaningful review where the ALJ did not explain how he arrived at a particular number of time the claimant would be off task. No. 4:22-cv-2728-TMC, 2023 WL 4077908, *1 (D.S.C. May 16, 2023).

In response to Plaintiff's objection, the Commissioner asserts that Plaintiff's reliance on *Dowling* is misplaced because the ALJ in that case "failed to analyze whether [the claimant's] RFC was impacted by her need to work near a restroom and take frequent bathroom breaks," whereas in this case, the ALJ provided the necessary analysis, analyzed the evidence related to Plaintiff's bathroom breaks, and included additional limitations in Plaintiff's RFC to account for those needs. The Commissioner also asserts that the ALJ's approach in this case is distinguishable from the ALJ's approach in *Bennett* because the ALJ in *Bennett* restricted the claimant to an unexplained "percentage related to time off-task, which is less specific than the ALJ did here allowing for two unscheduled break[s] of five minutes each during an 8-hour workday." (ECF No. 20 at 4.)

After *de novo* review, the Court agrees with the Commissioner and finds no error in the Magistrate Judge's analysis. In other words, the Court fully agrees with the Magistrate

7

0:23-cv-00720-BHH     Date Filed 03/15/24     Entry Number 22     Page 8 of 12

Judge that the ALJ carefully considered the limitations reasonably caused by Plaintiff's inflammatory bowel disease and built a logical bridge from the evidence to his conclusion. Thus, the Court finds that substantial evidence supports the ALJ's RFC findings and finds no error of law.

Next, in her Report, the Magistrate Judge considered Plaintiff's second issue, namely, that the Appeals Council erred in its consideration of additional opinion evidence from Vicki Allen, PA-C.  First, the Magistrate Judge outlined Allen's May 5, 2022, opinion evidence and noted that the ALJ found it to be "vague and unhelpful" and ultimately unpersuasive.  (*See* ECF No. 18 at 6.)  The Magistrate Judge then noted that Plaintiff submitted an additional opinion dated August 5, 2022, which clarified Allen's opinion in light of the ALJ's conclusion that her earlier opinion was vague and unhelpful.[2]  As the Magistrate Judge explained, however, the Appeals Council found that the additional opinion evidence would not change the outcome of the decision, and the Appeals Council did not exhibit the evidence.  Ultimately, the Magistrate Judge found that "Plaintiff has failed to demonstrate that consideration of Allen's more specific opinion would have changed the result as there is no indication that the ALJ erred in finding Allen's opinion unsupported by treatment records."  (*Id.* at 8.)

In her objections, Plaintiff asserts that the lack of specificity in Allen's former opinion was critical to the ALJ's evaluation of the opinion evidence, and, "[t]herefore, it follows that an opinion with specific limitations, that are in line with [Plaintiff's] allegations, would have

---

[2] In the additional opinion Allen opined that Plaintiff's bathroom breaks during the diarrhea phase of a Crohn's flare last at least 10 minutes and are urgent, requiring Plaintiff to have 6-8 bathroom breaks in an 8-hour day, with each break lasting 10 minutes.  (ECF No. 9-2 at 14.)

matter[ed] to the ALJ." (ECF No. 19 at 4.) Thus, Plaintiff contends that the Magistrate Judge's finding (that Plaintiff failed to demonstrate that consideration of Allen's more specific opinion would have changed the result) "does not consider this fact and simply presumes that the ALJ would have rejected any opinion offered by Ms. Allen." (*Id.*)

In response to Plaintiff's objection, the Commissioner asserts that even though Allen's additional, clarification opinion provides more specific limitations attributable to Plaintiff's Crohn's disease, Plaintiff still cannot demonstrate any error by the Appeals Council in finding no reasonable probability that the additional opinion would change the outcome. As the Commissioner points out, the ALJ explained that Allen's "treatment notes do not support her opinion to the extent [her opinion] may reflect work preclusive limitations, as they often describe the claimant's Crohn's disease as controlled." (ECF No. 20 at 5.) Thus, the Commissioner asserts that the Magistrate Judge properly concluded that Plaintiff failed to demonstrate that consideration of Allen's more specific limitations would have changed the result, as there is no indication that the ALJ erred in finding Allen's opinion unsupported by the treatment records in the first place.

After *de novo* review, the Court again agrees with the Commissioner and finds no error in the Magistrate Judge's analysis. Stated plainly, the Court fully agrees with the Magistrate Judge that "Plaintiff has failed to demonstrate that consideration of Allen's more specific opinion would have changed the result as there is no indication that the ALJ erred in finding Allen's opinion unsupported by the treatment records." (ECF No. 18 at 8.)

As an additional matter, although not considered by the Magistrate Judge, the Court also agrees with the Commissioner that Plaintiff cannot satisfy the stringent requirements regarding the consideration of this additional evidence by the Appeals Council. On January

9

1, 2017, the regulation governing the Appeals Council's consideration of new evidence was amended as follows:

(a) The Appeals Council will review a case if—

. . .

(5) Subject to paragraph (b) of this section, **the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision.**

(b) **The Appeals Council will only consider additional evidence under paragraph (a)(5) of this section if you show good cause for not informing us about or submitting the evidence as described in § 404.935 because**:

(1) Our action misled you;
(2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from informing us about or submitting the evidence earlier; or
(3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier.  Examples include, but are not limited to:

(i) You were seriously ill, and your illness prevented you from contacting us in person, in writing, or through a friend, relative, or other person;
(ii) There was a death or serious illness in your immediate family;
(iii) Important records were destroyed or damaged by fire or other accidental cause;
(iv) You actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing; or
(v) You received a hearing level decision on the record and the Appeals Council reviewed your decision.

20 C.F.R. §§ 404.970, 416.1470 (2017) (emphasis added).  Thus, this new regulation requires a claimant to show that additional evidence is **new**, **material**, and **relates to the**

**relevant time period**, *and* that **good cause** exists for the failure to submit the evidence in question at least five days prior to the ALJ's decision. *See id.*

Here, although the additional evidence relates to the relevant time period, the Court agrees with the Commissioner that Plaintiff has not demonstrated that it is *new,* insofar as the information was clearly available and could have been obtained prior to the ALJ's decision. Second, as set forth above, the Court agrees with the Magistrate Judge that the additional evidence is not *material* because Plaintiff has not demonstrated "a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5). Lastly, it does not appear to the Court that Plaintiff has demonstrated *good cause* for not submitting the additional evidence prior to the ALJ's decision.[3]

## CONCLUSION

For the reasons set forth herein, the Court adopts the Magistrate Judge's recommendations (ECF No. 18); the Court overrules Plaintiff's objections (ECF No. 19); and the Court affirms the Commissioner's final decision denying benefits.

---

[3] To the extent Plaintiff asserts that the Appeals Council did not reject the additional evidence for lack of newness or lack of good cause, the Court notes that "many courts within this district frequently 'find it appropriate to consider factors that were not originally addressed by the Appeals Council.'" *Rivera v. Saul*, No. 6:20-cv-3020-KFM, 2021 WL 9599978, *4 (D.S.C. July 6, 2021) (quoting *Lockaby v. Saul*, C/A No. 4:18-cv-02056-DCN-TER, 2020 WL 1149725, at *4 (D.S.C. Mar. 10, 2020) (collecting cases)). Thus, the Court finds it appropriate to evaluate whether the additional evidence was new and whether Plaintiff demonstrated good cause for the failure to timely submit the evidence, even though the Appeals Council did not explicitly rule on these issues. At bottom, the Appeals Council only grants review and considers the entire record along with additional post-hearing evidence when *all* the criteria are met under 20 C.F.R. § 404.970(a)(5), and (b), and, for the above reasons, the Court finds that Plaintiff has not demonstrated that the additional post-hearing evidence meets the newness, materiality, or good cause requirements.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 15, 2024
Charleston, South Carolina